**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GISELLE KEENA-FOWLER<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION and ALANI NOELLE FIGUEROA<br><br>Defendants. | Civil Case No. 1 :26-cv-01081-PKC-TAM<br><br>**FIRST AMENDED COMPLAINT** |

## COMPLAINT AND JURY DEMAND

Plaintiff Giselle Keena-Fowler ("Plaintiff" or "Keena"), by and through her undersigned attorneys, sues defendants Target Corporation ("Target") and Alani Noelle Figueroa ("Figueroa") (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is an action to enforce Keena's intellectual property rights and to address Defendants' knowing, willful, intentional, and unauthorized use of Keena's copyrighted work. Keena is a professional photographer who owns the copyright in original photographs she created of influencer and model Alani Noelle Figueroa (the "Alani Headshots"). Without Keena's permission, attribution, or compensation, Defendants used the Alani Headshots in Target's national advertising and merchandising campaign for the Target x Alani Future Collective line (the "Future Collective Campaign"), including as hangtags on garments and in online and in-store marketing materials. Defendants also provided, distributed, and/or caused false photo/image credits identifying Target and/or Figueroa—not Keena—as the author, copyright owner, rights holder, or authorized source of the photographs. Keena brings this action to protect her rights, obtain a

judicial declaration confirming her ownership of the Alani Headshots, and hold Defendants accountable for copyright infringement and violations of the Digital Millennium Copyright Act.

## JURISDICTION AND VENUE

2. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and the Digital Millennium Copyright Act, 17 U.S.C. § 1202. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201–2202.

3. This Court has personal jurisdiction over Defendant Figueroa because she resides in, and is domiciled in, Kings County, New York, which is within this District.

4. This Court has personal jurisdiction over Defendant Target because Target conducts substantial, continuous, and systematic business in New York, including within this District, and because Target purposefully directed the infringing conduct to this District by marketing, offering for sale, selling, and distributing products and advertising materials bearing the Alani Headshots to consumers in this District.

5. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants reside in and/or may be found in this District and are subject to personal jurisdiction here, and because Defendants committed acts of infringement in this District.

6. Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, including the photoshoot and distribution and public display of products and promotional materials bearing the Alani Headshots in Target retail locations in this District and through Target's e-commerce operations to customers in this District.

7. Defendants' false attribution and other challenged conduct occurred, at least in part, in this District, including through campaign webpages and marketing communications directed to New York consumers and accessible in this District.

8. Accordingly, venue and personal jurisdiction are proper in this Court as to each Defendant.

## THE PARTIES

9. Plaintiff Keena is an individual residing in the state of Kentucky who holds exclusive rights to the Alani Headshots at issue.

10. Defendant Target Corporation is a Minnesota corporation with its principal executive office at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. Target conducts business nationwide, including in New York, and maintains retail stores and e-commerce operations serving consumers in this District.

11. Defendant Figueroa is an individual residing in Kings County, New York. Upon information and belief, Figueroa is a fashion creative and social media influencer with a substantial online following, including on Instagram (@wuzg00d). Upon information and belief, Figueroa engages in paid brand collaborations and marketing activities, including in connection with the Future Collective Campaign at issue here.

12. Keena is informed and believes, and on that basis alleges, that at all times relevant to this action, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged herein with full knowledge of each and every violation of Keena's rights and the damages to Keena proximately caused thereby.

## FACTS COMMON TO ALL COUNTS

13. Target is a large, sophisticated national retailer with extensive experience with brand collaborations, marketing campaigns, and working with talent including models, influencers, and photographers.

14. Target has the means and expertise to verify ownership, secure rights, and prevent unauthorized use of copyrighted works in its advertising campaigns and brand collaborations.

15. Keena is a professional photographer and the sole owner of the copyright in a series of photographs she created featuring influencer and model Alani Figueroa, including the Alani Headshots.

16. On or around May 27, 2022, Keena conducted a photoshoot for Figueroa solely for use on Figueroa's personal Instagram account and modeling book. Keena was paid approximately $1,500. The photoshoot produced multiple photographs, including the Alani Headshots featuring Figueroa wearing a purple dress and red gloves and Keena's edits thereto, as depicted below:





17. There was no written agreement between Keena and Figueroa concerning ownership, scope of use, transfer, or licensing of the Alani Headshots or any derivative works.

18. Keena limited Figueroa's use of the Alani Headshots solely for Figueroa's modeling portfolio/photo book and personal social media accounts, not for any brand deal, commercial collaboration, or third-party advertising or merchandising.

19. The Alani Headshots are the product of Keena's professional skill, artistic judgment, and years of experience in photography. Keena designed and composed the images to capture Figueroa's unique presence and personality, carefully directing the composition, lighting, and post-production editing according to Keena's personal artistic standards.

20. Keena's deliberate choices in lighting, color grading, and styling of the Alani Headshots reflect Keena's distinctive aesthetic and creative process, including the pose. The final images reflect Keena's careful post-production work and stylistic refinement to achieve fresh and captivating visual content.

21. The Alani Headshots represent original expression created entirely by Keena's concepts, direction, and execution and embodies substantial creative effort and personal artistry.

22. Keena exercised full creative control over the Alani Headshots, including selecting the camera, lenses, spatial arrangement, and lighting, directing the photoshoot, taking the photographs, and independently editing and post-processing the images without any input, requested changes, or feedback from Figueroa.

23. Keena unilaterally determined which photographs to provide to Figueroa, exercising sole judgment over the final selection of images from a broader corpus of raw captured data and thereby controlling the final expression of the Alani Headshots.

24. Figueroa did not receive joint credit for the Alani Headshots, did not participate in registering the works for copyright, and did not enter into any agreement or discussion with Keena to share authorship of the photographs.

25. Since the creation of the Alani Headshots, Keena has been and still is the sole proprietor of all rights, title, and interest in and to the Alani Headshots and corresponding copyrights. Keena has not licensed, sold, or otherwise transferred any rights to the Alani Headshots to Figueroa, Target, or any third party.

26. Keena complied in all respects with the Copyright Act, 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the Alani Headshots. The Alani Headshots are

original works copyrightable under the Copyright Act and have been registered in full compliance with the Act.

27. Keena received Certificate of Registrations from the Register of Copyrights for the Alani Headshots. A true copy of Copyright Registration No. VA 2-359-104 titled "Alani Headshots," effective June 29, 2023 (issued on August 21, 2023), is attached to this Complaint as **EXHIBIT A** together with a copy of the specimen submitted to the Copyright Office. A true copy of Copyright Registration No. VA 2-371-587 titled "Alani Headshots," effective September 11, 2023 (issued on November 20, 2023), is attached to this Complaint as **EXHIBIT B** together with a copy of the specimen submitted to the Copyright Office.

28. The Alani Headshots were first published without authorization by Target on May 7, 2023.

29. Prior to that publication and unbeknownst at the time to Keena, on April 30, 2023, Figueroa posted to her Instagram account a promotional image of the Future Collective hang tag that included the Alani Headshots attached as **EXHIBIT C**.

30. On or around the first week of May 2023, online articles and blog posts announced the upcoming Target x Figueroa Alani Future Collective collaboration and displayed the Alani Headshots as part of the campaign imagery, including with photo/image crediting language such as "All photos: Target and Alani Noelle" and "Image: Target." Attached to this Complaint as **EXHIBITS D** and **E**. Upon information and belief, those publications received or repeated campaign imagery, copy, asset files, credits, and/or attribution information supplied, authorized, approved, or caused to be distributed by Defendants or their agents in connection with the Future Collective Campaign.

31. On or around May 7, 2023, Future Collective Campaign officially launched, prominently displaying the Alani Headshots across a wide range of marketing and promotional materials, including product hang tags, in-store displays, online advertising, social media, and other print and digital materials.

32. On or around May 8, 2023, Target published a feature article on its official website and distributed digital advertising, campaign, and/or press materials prominently incorporating the infringing Alani Headshots to promote the Future Collective Campaign launch. Attached to this

Complaint as **EXHIBITS F** and **G**. Upon information and belief, Target and/or Figueroa also provided, approved, authorized, or caused to be provided campaign imagery and associated photo/image credits to third-party publishers, bloggers, and media outlets for use in publicizing the launch.

33. Defendants never sought nor obtained permission from Keena to copy, reproduce, modify, distribute, display, or otherwise use the Alani Headshots in connection with any advertising campaign or retail products.

34. On or around May 18, 2023, Keena notified Target in writing of her ownership of the Alani Headshots and requested compensation for its unauthorized use. Target failed to respond adequately or to provide proper compensation.

35. On or around May 23, 2023, Target acknowledged receipt of Keena's letter but failed to provide compensation or cease use of the Alani Headshots.

36. Despite this notice, Target and Figueroa continued to use, display, and distribute the Alani Headshots in connection with the Future Collective campaign until on or around October 24, 2023.

37. Defendants' unauthorized use of the Alani Headshots has deprived Keena of credit, licensing revenue, and professional recognition and has impaired the value and integrity of her original creative work.

## DEFENDANTS' MISCONDUCT

38. Upon information and belief, Figueroa is a fashion creative and social media influencer.

39. Target is a national retailer that markets and sells clothing, accessories, and related merchandise through its stores and online platforms across the United States, including in New York and within this District.

40. Keena is informed and believes, and thereon alleges, that Target solicited, requested, accepted, and/or approved imagery for the Future Collective Campaign from Figueroa and/or Figueroa's agents, including the Alani Headshots and related credit/attribution information, and that Target and/or its agents used such materials in campaign marketing and public-facing

publicity.

41. Upon information and belief, Figueroa provided the Alani Headshots and/or access to the Alani Headshots to Target, and Target used, approved, supplied, authorized, or caused the Alani Headshots to be used in a national advertising and merchandising campaign promoting the Future Collective Campaign without Keena's knowledge or authorization.

42. Keena is informed and believes, and thereon alleges, Target exercised and retained the right to approve, modify, reject, or require changes to marketing and promotional content, including photographs, imagery, copy, captions, credits, and other attribution language, created or submitted by its vendors, collaborators, press/public-relations personnel, and agents.

43. Keena is informed and believes, and thereon alleges, Target reviewed and approved materials containing the Alani Headshots before and during their use in the Future Collective Campaign, thereby having an opportunity to verify ownership, obtain releases, correct false credits, or cease use, but failed to do so.

44. Keena is informed and believes, and thereon alleges, Target maintained a centralized review process for brand, marketing, press, public-relations, and advertising materials, giving it the ability to identify and prevent the use of infringing images such as the Alani Headshots and to prevent or correct false photo/image credits, but Target did not request or obtain any written transfer of rights from Keena or from Figueroa—who as the subject of the photograph could not have been the photographer-author.

45. Target knew, through its experience with national advertising and brand collaborations, that photographs used in national campaigns must be properly licensed from the copyright owner and that photo/image credits should accurately identify the author, copyright owner, rights holder, or authorized source of the images.

46. Keena is informed and believes, and thereon alleges, Target maintained ongoing supervision and oversight of Figueroa's work product as part of its contractual and collaborative relationship with her, including the authority to approve, reject, or demand revisions to the materials created or supplied by Figueroa.

47. Despite having these supervisory and operational controls, Target failed to exercise its right and ability to prevent or stop the infringing use of the Alani Headshots, and continued to

profit from their use in commercial promotions.

48. Keena is informed and believes, and thereon alleges, Defendants' infringing use was willful, deliberate, and executed without Keena's attribution, compensation, or consent, and it has allowed Defendants to profit from the Alani Headshots while depriving Keena of control over her creative work.

49. Keena never authorized Target, Figueroa, or any agent or affiliate to copy, reproduce, distribute, display, or otherwise exploit the Alani Headshots for commercial purposes beyond the original photoshoot engagement.

50. Defendants' unauthorized use of the Alani Headshots has harmed Keena's professional reputation, deprived her of licensing opportunities, and allowed Defendants to unfairly capitalize on Keena's skill, years of experience, and artistic vision. A comparison of Keena's photograph and one of Target's infringing uses on a hangtag is set forth below:






**Keena's Photograph** **Target's Future Collective Hang Tags**

51. Upon information and belief, Defendants falsely represented in public-facing campaign materials and third-party publications that the Alani Headshots were authored, owned, or authorized by Target and/or Figueroa. The challenged crediting language is not a generic webpage footer, brand mark, article byline, or attribution for a distinct article or advertisement; it is photo/image-specific CMI because it expressly states "All photos: Target and Alani Noelle" and/or "Image: Target" in connection with displays of the Alani Headshots. The precise origin, approval history, and distribution path of that crediting language are within Defendants' possession, custody, or control. Upon information and belief, Target, Figueroa, and/or their agents supplied, authorized, approved, distributed, or caused the distribution of the Alani Headshots together with the false

photo/image crediting language as part of the Future Collective Campaign. Two non-exhaustive screenshots of the infringing marketing bearing the false CMI are set forth below:






52. Defendants' use of the Alani Headshots without authorization allowed them to conduct a marketing campaign at a substantially reduced cost, as it avoided paying licensing fees to Keena and avoided the expense of commissioning new photography for the Future Collective Campaign.

53. The Alani Headshots were used prominently in Defendants' marketing campaigns and social media and designed to attract consumers to Target's stores and Defendants' online platforms. Defendants' use of the Alani Headshots drew consumer attention and goodwill, increasing sales of the featured products and related merchandise.

54. Keena is informed and believes, and thereon alleges, that Defendants had actual knowledge that the use of the Alani Headshots was unauthorized no later than Keena's May 18, 2023 written notice and Target's May 23, 2023 acknowledgment, and notwithstanding that knowledge, Defendants continued to supply, host, approve, display, and distribute advertising and promotional materials featuring the Alani Headshots and false photo/image crediting language.

55. To the extent Defendants modified, cropped, resized, combined, or otherwise incorporated the Alani Headshots into hangtags, campaign layouts, online articles, or advertising materials, those modifications did not change the fact that the Alani Headshots themselves remained displayed and were the subject of the challenged photo/image credits.

56. The false crediting language was conveyed in connection with copies or displays of the Alani Headshots themselves, not merely in connection with a separate article, webpage, layout, or advertisement. Defendants' use of the Alani Headshots with such crediting language created the false impression that Defendants owned, authored, controlled, or had cleared the rights in the photographs.

## FIRST CAUSE OF ACTION

Copyright Infringement

(Against All Defendants)

57. Keena repeats and realleges all preceding allegations as though fully set forth herein.

58. Defendants' acts constitute infringement of Keena's copyright in the Alani Headshots in violation of the Copyright Act, 17 U.S.C. § 501.

59. Keena is informed and believes, and thereon alleges, that Defendants' use of the infringing Alani Headshots in its Future Collective Campaign was willful, intentional, and ignored Keena's rights regarding sponsorship, endorsement, or authorization.

60. By these acts, Defendants have unlawfully reproduced, distributed, and publicly displayed the Alani Headshots, and have created and distributed infringing copies in commerce, without license or authorization from Keena.

61. As a direct and proximate result of Defendants' infringement, Keena has suffered, and continues to suffer, substantial damages, including loss of licensing revenue, loss of control over her work, and harm to the market value of her creative work, in an amount to be proven at trial. Keena is entitled to recover actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), and, to the extent available under 17 U.S.C. § 504(c) and 17 U.S.C. § 412, statutory damages.

62. Defendants' infringement has caused and will continue to cause Keena irreparable injury for which there is no adequate remedy at law. Keena is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 that infringing copies and materials be impounded and destroyed.

63. Keena is entitled to recover her attorneys' fees and costs of suit to the extent permitted by 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

False Copyright Management Information / False Attribution (17 U.S.C. § 1202(a))

(Against All Defendants)

64. Keena repeats and realleges all preceding allegations as though fully set forth herein.

65. The Alani Headshots constitute original copyrighted works for which Keena is the sole author and copyright owner. Copyright management information ("CMI") includes information conveyed in connection with copies or displays of a work, including the title or other information identifying the work and the name of, or other identifying information about, the author or copyright owner. 17 U.S.C. § 1202(c)(1)–(3). A photo/image credit that falsely identifies someone other than Keena as the author, copyright owner, rights holder, or authorized source of the

Alani Headshots constitutes false CMI under 17 U.S.C. § 1202(a).

66. Upon information and belief, in connection with the Future Collective Campaign, Defendants provided and distributed false CMI in connection with copies and public displays of the Alani Headshots, including the express photo credit “All photos: Target and Alani Noelle” and the image credit “Image: Target” (collectively, the “False CMI”). The False CMI appeared with or adjacent to displays of the Alani Headshots and falsely identified Target and/or Figueroa as the author, copyright owner, rights holder, or authorized source of the photographs, even though Keena authored and owns the Alani Headshots.

67. The False CMI is not alleged as a generic brand mark, article byline, webpage footer, or copyright notice for a distinct article, campaign webpage, or advertising layout. The challenged statements expressly refer to “photos” and “Image” and were conveyed in connection with copies or displays of the Alani Headshots themselves, including in the screenshots reproduced above and attached exhibits. Thus, the False CMI misidentifies the authorship, ownership, rights-holder status, and/or rights-clearance status of the photographs, not merely the source of a separate marketing article or advertisement.

68. Figueroa knowingly provided, distributed, and/or caused the False CMI to be provided or distributed. Figueroa personally retained Keena as the photographer, paid Keena for the session, received the deliverables from Keena, and knew that neither Figueroa nor Target had obtained a work-for-hire agreement, written assignment, or written transfer of ownership from Keena. Figueroa therefore had actual knowledge that any photo/image credit identifying Figueroa or Target as the author, copyright owner, rights holder, or authorized source of the Alani Headshots was false.

69. Target knowingly provided, distributed, and/or caused the False CMI to be distributed. Upon information and belief, Target created, approved, published, supplied, authorized, or caused to be distributed campaign, press, marketing, blogger-outreach, syndication, online, and/or retail materials bearing the False CMI and incorporating the Alani Headshots. Target, as a sophisticated national retailer with legal, marketing, and brand-clearance processes, knew that Figueroa, the subject of the photographs, could not have authored photographs depicting herself and that Target had not obtained a written assignment or transfer from Keena. At minimum,

Target had actual knowledge no later than Keena's May 18, 2023 written notice and Target's May 23, 2023 acknowledgment that Keena authored and owned the Alani Headshots and that any attribution of the photographs to Target and/or Figueroa was false. Nevertheless, Target continued to reproduce, distribute, publicly display, and/or cause the public display of the Alani Headshots with the False CMI intact, including in online marketing, campaign materials, and public-facing materials.

70. Upon information and belief, Defendants provided and distributed the False CMI knowingly and with the intent to induce, enable, facilitate, and/or conceal copyright infringement, including by (a) creating the false impression that the Alani Headshots were authored, owned, licensed, or cleared by Target and/or Figueroa, (b) diverting licensing inquiries, takedown requests, and authorship/ownership inquiries away from Keena, (c) discouraging Keena, publishers, consumers, and other third parties from identifying Keena as the photographer and copyright owner, and (d) concealing the unauthorized nature and scope of Defendants' commercial campaign use. By this conduct, Defendants violated 17 U.S.C. § 1202(a)(1)–(2).

71. Defendants' intent is further supported by the timing and context of the False CMI: the crediting language was used to promote a national retail collaboration, appeared in public-facing campaign materials and third-party publications displaying the Alani Headshots, and, upon information and belief, remained in use after Keena's written notice of authorship and ownership. By attributing the photographs to Defendants, the False CMI enabled continued campaign dissemination while obscuring that Keena—not Defendants—was the author and copyright owner.

72. Keena is entitled to recover her actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages, or, at Keena's election, statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B), in the sum of not less than $2,500 and not more than $25,000 for each violation of 17 U.S.C. § 1202, as the Court considers just.

73. Keena is entitled to recover costs and attorneys' fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

74. Defendants' violation of 17 U.S.C. § 1202(a) has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Keena not fully compensable in monetary

damages. Pursuant to 17 U.S.C. § 1203(b), Keena is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Giselle Keena-Fowler ("Keena") prays for judgment against Defendants as follows:

A. For preliminary and permanent injunctive relief pursuant to 17 U.S.C. §§ 502 and 1203(b) enjoining Defendants and all persons acting in concert with them from infringing Keena's copyrights in the Alani Headshots and from providing or distributing false copyright management information concerning the Alani Headshots;

B. For an order pursuant to 17 U.S.C. § 503 impounding and, after final judgment, destroying or otherwise disposing of all infringing copies, hangtags, packaging, promotional materials, and other items in Defendants' possession, custody, or control that embody or display the Alani Headshots;

C. For actual damages and Defendants' profits attributable to the infringement, including an accounting, pursuant to 17 U.S.C. § 504(b); and, to the extent available, statutory damages pursuant to 17 U.S.C. § 504(c);

D. For statutory damages and/or actual damages and profits for Defendants' violations of 17 U.S.C. § 1202(a) pursuant to 17 U.S.C. § 1203(c), together with all other relief available under 17 U.S.C. § 1203;

E. For costs and attorneys' fees to the extent permitted by law, including pursuant to 17 U.S.C. §§ 505 and/or 1203(b)(4)–(5);

F. For pre-judgment and post-judgment interest as permitted by law; and

G. For such other and further legal and equitable relief as the Court deems just and proper

/ / /

/ / /

/ / /

/ / /

## DEMAND FOR JURY TRIAL

Plaintiff Giselle Keena-Fowler hereby demands a trial by jury in the above matter.

Dated: May 26, 2026

Respectfully submitted,

/s/ Michael J. Mahon
Michael J. Mahon (MM 1163)
Law Offices of Michael J. Mahon
46 Main Street
Warwic, New York 10990
845-544-1111
Fax: 845-675-7072
michael@mahon-law.com

Milord A. Keshishian (pro hac vice)
Milord Law Group, PC
333 S. Hope Street, Suite 4025
Los Angeles, CA 90071
310-226-7878
Fax: 310-226-7879
milord@milordlaw.com

Attorneys for Plaintiff